

O. Knight
EXHIBIT 3-29-05
1    CKR

# DRIVER'S APPLICATION FOR EMPLOYMENT

Company __TRANSPORTATION UNLIMITED INC.__

Address __3740 CARNEGIE AVE.__

City __CLEVELAND__   State __OH__   Zip __44115__

GAF-Erie
Grant
3/20/00

(answer all questions - please print)

In compliance with Federal and State equal employment opportunity laws, qualified applicants are considered for all positions without regard to race, color, religion, sex, national origin, age, marital status, or non-job related disability.

Date of application __3-10-00__

Position(s) Applied for __Driver__

Name __Knight__ __David__ __Haskell__   Social Security No. ██████ __4499__
     Last         First    Middle

List your addresses of residency for the past 3 years.

Current Address __11682 Rt 97__ __L+9__        __Waterford__
Street                                          City  __455-4121 (parents)__
__PA__           __16441__          Phone __(814) 796-4625__   How Long? __15 years__
State            Zip Code

Previous Addresses
_____  _____  _____   How Long? _____
Street                City          State & Zip Code

_____  _____  _____   How Long? _____
Street                City          State & Zip Code

_____  _____  _____   How Long? _____
Street                City          State & Zip Code

Do you have the legal right to work in the United States? __Yes__

Date of Birth ██ / ██ / __63__   Can you provide proof of age? __Yes__
(Required for Commercial Drivers)

Have you worked for this company before? __No__   Where? _____

Dates: From _____ To _____ Rate of Pay _____ Position _____

Reason for leaving _____

Are you now employed? __Yes__   If not, how long since leaving last employment? _____

Who referred you? __Murphy__                    Rate of pay expected __$11.40/hr__

Is there any reason you might be unable to perform the functions of the job for which you have applied [as described in the attached job description]?
__NO__

If yes, explain if you wish. _____

© Copyright 1996 J. J. KELLER & ASSOCIATES, INC., Neenah, WI • USA • (800) 327-6868
Printed in the United States
15F (Rev. 1/96)

# EMPLOYMENT HISTORY

All driver applicants to drive in interstate commerce must provide the following information on all employers during the preceding 3 years. List complete mailing address, street number, city, state and zip code.

Applicants to drive a commercial motor vehicle* in intrastate or interstate commerce shall also provide an additional 7 years' information on those employers for whom the applicant operated such vehicle.
(NOTE: List employers in reverse order starting with the most recent. Add another sheet as necessary.)

| EMPLOYER | | | DATE | |
|---|---|---|---|---|
| NAME Dunlap Trucking | | | FROM MO. 6 YR. 99 | TO MO. Present YR. |
| ADDRESS 2139 McKenelly ave | | | POSITION HELD Driver | |
| CITY Erie | STATE PA | ZIP 16503 | SALARY/WAGE | |
| CONTACT PERSON Robert Dunlap | PHONE NUMBER 800 320 1989 | | REASON FOR LEAVING Lack of Benifits | |

| EMPLOYER | | | DATE | |
|---|---|---|---|---|
| NAME Infinity Resources | | | FROM MO. 9 YR. 98 | TO MO. 6 YR. 99 |
| ADDRESS 119 West 9th St | | | POSITION HELD Machinist / Tow motor operator | |
| CITY Erie | STATE PA | ZIP 16501 | SALARY/WAGE 8.75 | |
| CONTACT PERSON Marty | PHONE NUMBER (814) 454 0985 | | REASON FOR LEAVING Better Job | |

| EMPLOYER | | | DATE | |
|---|---|---|---|---|
| NAME Albion State Prison | | | FROM MO. 2 YR. 95 | TO MO. 3 YR. 97 |
| ADDRESS Rt 19 | | | POSITION HELD Correctional Officer | |
| CITY Albion | STATE PA | ZIP | SALARY/WAGE 13.40 per Hr | |
| CONTACT PERSON Capt Nieswonger (or Personel) | PHONE NUMBER (814) 756 5778 | | REASON FOR LEAVING Suspended | |

| EMPLOYER | | | DATE | |
|---|---|---|---|---|
| NAME Erie County Prison | | | FROM MO. 2 YR. 86 | TO MO. 2 YR. 95 |
| ADDRESS Ash St | | | POSITION HELD Correctional Officer | |
| CITY Erie | STATE PA | ZIP 16503 | SALARY/WAGE 12.70 | |
| CONTACT PERSON Capt Hill | PHONE NUMBER (814) 451 7546 | | REASON FOR LEAVING Hired at Albion | |

| EMPLOYER | | | DATE | |
|---|---|---|---|---|
| NAME U.S. Marshal's Office | | | FROM MO. 6 YR. 92 | TO MO. 2 YR. 95 |
| ADDRESS 219 US Courthouse | | | POSITION HELD Marshal's Guard | |
| CITY Erie | STATE PA | ZIP 16503 | SALARY/WAGE 10 per hr | |
| CONTACT PERSON Marshal Barton | PHONE NUMBER (814) 456 3907 | | REASON FOR LEAVING Hired at Albion | |

| EMPLOYER | | | DATE | |
|---|---|---|---|---|
| NAME USMC | | | FROM MO. 3 YR. 82 | TO MO. 8 YR. 95 |
| ADDRESS 3938 Old French Rd | | | POSITION HELD Sergent / Shop Chief | |
| CITY Erie | STATE PA | ZIP 16504 | SALARY/WAGE | |
| CONTACT PERSON Master Sergent Witt | PHONE NUMBER (814) 868 0847 | | REASON FOR LEAVING Honorable Discharge | |

| EMPLOYER | | | DATE | |
|---|---|---|---|---|
| NAME | | | FROM MO. YR. | TO MO. YR. |
| ADDRESS | | | POSITION HELD | |
| CITY | STATE | ZIP | SALARY/WAGE | |
| CONTACT PERSON | PHONE NUMBER | | REASON FOR LEAVING | |

*Includes vehicles having a GVWR of 26,001 lbs. or more, vehicles designed to transport 15 or more passengers, or any size vehicle used to transport hazardous materials in a quantity requiring placarding.

ACCIDENT RECORD FOR PAST 3 YEARS OR MORE (ATTACH SHEET IF MORE SPACE IS NEEDED) IF NONE, WRITE NONE

| | DATES | NATURE OF ACCIDENT (HEAD-ON, REAR-END, UPSET, ETC.) | FATALITIES | INJURIES |
|---|---|---|---|---|
| LAST ACCIDENT | | None | | |
| NEXT PREVIOUS | | | | |
| NEXT PREVIOUS | | | | |

TRAFFIC CONVICTIONS AND FORFEITURES FOR THE PAST 3 YEARS (OTHER THAN PARKING VIOLATIONS) IF NONE, WRITE NONE

| LOCATION | DATE | CHARGE | PENALTY |
|---|---|---|---|
| | None | | |
| | | | |
| | | | |

(ATTACH SHEET IF MORE SPACE IS NEEDED)

## EDUCATION

CIRCLE HIGHEST GRADE COMPLETED:  1  2  3  4  5  6  7  8        HIGH SCHOOL:  1  2  3  4        COLLEGE:  1  ②  3  4

LAST SCHOOL ATTENDED _____
                         (NAME)                                                                (CITY)

## EXPERIENCE AND QUALIFICATIONS – DRIVER

| | STATE | LICENSE NO. | TYPE | EXPIRATION DATE |
|---|---|---|---|---|
| DRIVER LICENSES | PA | ▮▮▮280 | AM - TX CDL | 1-31-02 |
| | | | | |
| | | | | |

A. Have you ever been denied a license, permit or privilege to operate a motor vehicle?   YES ____   NO ✓

B. Has any license, permit or privilege ever been suspended or revoked?   YES ____   NO ✓

IF THE ANSWER TO EITHER A OR B IS YES, ATTACH STATEMENT GIVING DETAILS

**DRIVING EXPERIENCE** IF NONE, WRITE NONE

| CLASS OF EQUIPMENT | TYPE OF EQUIPMENT (VAN, TANK, FLAT, ETC.) | DATES FROM | DATES TO | APPROX. NO. OF MILES (TOTAL) |
|---|---|---|---|---|
| STRAIGHT TRUCK | VAN, TANK, FB | 82 | Present | 250,000 |
| TRACTOR AND SEMI-TRAILER | VAN, FB | 89 | Present | 200,000 |
| TRACTOR - TWO TRAILERS | | | | |
| MOTORCOACH - SCHOOL BUS | motorhome | 92 | Present | 30,000 |
| OTHER | | | | |

LIST STATES OPERATED IN FOR LAST FIVE YEARS  Saudi Arabia, Kuwait, PA, MI, OH, WIS, IND, CA, MIN, NY, Canada

SHOW SPECIAL COURSES OR TRAINING THAT WILL HELP YOU AS A DRIVER:  Transport tech / Marine Corp Driving School

WHICH SAFE DRIVING AWARDS DO YOU HOLD AND FROM WHOM?  Basic Safe  USMC

PAGE 3  15F (Rev. 1/96)

## EXPERIENCE AND QUALIFICATIONS – OTHER

SHOW ANY TRUCKING, TRANSPORTATION OR OTHER EXPERIENCE THAT MAY HELP IN YOUR WORK FOR THIS COMPANY

*I am a Certified Mechanic / I graduated #1 From Transport Tech with a 98% average*

LIST COURSES AND TRAINING OTHER THAN SHOWN ELSEWHERE IN THIS APPLICATION

LIST SPECIAL EQUIPMENT OR TECHNICAL MATERIALS YOU CAN WORK WITH (OTHER THAN THOSE ALREADY SHOWN)

*Tow motor*

### TO BE READ AND SIGNED BY APPLICANT

This certifies that this application was completed by me, and that all entries on it and information in it are true and complete to the best of my knowledge.

I authorize you to make such investigations and inquiries of my personal, employment, financial or medical history and other related matters as may be necessary in arriving at an employment decision. (Generally, inquiries regarding medical history will be made only if and after a conditional offer of employment has been extended.) I hereby release employers, schools, health care providers and other persons from all liability in responding to inquiries and releasing information in connection with my application.

In the event of employment, I understand that false or misleading information given in my application or interview(s) may result in discharge. I understand, also, that I am required to abide by all rules and regulations of the Company.

3-10-00                                      *David N. Knight*
Date                                         Applicant's Signature

### PROCESS RECORD

APPLICANT HIRED _____            REJECTED _____

DATE EMPLOYED _____              POINT EMPLOYED _____

DEPARTMENT _____                 CLASSIFICATION _____
(IF REJECTED, SUMMARY REPORT OF REASONS SHOULD BE PLACED IN FILE)

THIS SECTION TO BE FILLED IN BY RESPONSIBLE
OFFICER OR COMPANY REPRESENTATIVE

|  | SUPERIOR | GOOD | FAIR | BELOW AVERAGE | POOR | WRITTEN RECORD ON FILE |
|---|---|---|---|---|---|---|
| 1. APPLICATION |  |  |  |  |  |  |
| 2. INTERVIEW |  |  |  |  |  |  |
| 3. PAST EMPLOYMENT |  |  |  |  |  |  |
| 4. WRITTEN EXAM |  |  |  |  |  |  |
| 5. ROAD TEST |  |  |  |  |  |  |
| 6. CRIMINAL AND TRAFFIC CONVICTIONS |  |  |  |  |  |  |

SIGNATURE OF INTERVIEWING OFFICER _____

### TRANSFERS

FROM: _____ TO: _____         FROM: _____ TO: _____
DATE: _____                         DATE: _____
REASON FOR TRANSFER _____           REASON FOR TRANSFER _____

FROM: _____ TO: _____         FROM: _____ TO: _____
DATE: _____                         DATE: _____
REASON FOR TRANSFER _____           REASON FOR TRANSFER _____

### TERMINATION OF EMPLOYMENT

DATE TERMINATED _____               DEPARTMENT RELEASED FROM _____

DISMISSED _____   VOLUNTARILY QUIT _____   OTHER _____

TERMINATION REPORT PLACED IN FILE _____   SUPERVISOR _____

PAGE 4 15F (Rev. 1/96)

KNIGHT
EXHIBIT
2    3-24-05

*Specialists in Driver Leasing*

## DRUG TESTING PROGRAM AND POLICY AND CONDITION OF EMPLOYMENT

In accordance with Final Rule published 11/21/88 53 FR 47134 and Controlled Substance Testing Eff. 12/21/88 49 CFR part 391 & 394

### PREAMBLE

Transportation Unlimited promotes the U.S. Government's war on drugs and will comply with all federal laws to comply with a drug free work place for all employees. This simply means that Transportation Unlimited will not tolerate the possession, distribution, manufacture, use in workplace, nor drug or alcohol influence as determined by law through the testing procedures prescribed by the D.O.T. and will terminate any employee who is in violation. Transportation Unlimited will also require that any employee who is charged, arrested, convicted or nolo contendere for any drug related charge notify the safety director within 5 days. Failure to comply with this condition will result in immediate termination.

Any employee who refuses to sign the consent form to be tested for the D.O.T. requirements will be considered a refusal to test and will be considered a voluntary quit as that employee will not be qualified to drive per the D.O.T. regulations. Refusal to take the mandated drug test(s) will also result in immediate termination. Any delay from time of random request to appearance at collection site will be documented and if not performed in a 2 hour time span will be subject to discharge. Any delay from time of a chargeable accident to time of appearance at collection site beyond the mandated 32 hours will also be subject to discharge upon review of circumstances.

Transportation Unlimited has and will continue to provide an Employee Assistance Program which is documented education on the effects and consequences of controlled substance abuse.

### CONDITIONS OF EMPLOYMENT ACKNOWLEDGEMENT

I have read and understood the conditions of employment contained in Transportation Unlimited's D.O.T. Motor Carrier Drug Testing Compliance Program.

_____            3-10-00
Employee                                    Date

Headquarters · 3740 Carnegie Avenue · Cleveland, Ohio 44115-2716 · P (216) 426-0088 · F (216) 426-2248

## DRIVER'S RECEIPT

This issue of the FMCSR Pocketbook includes all revisions issued on or before November 10, 1997.

I acknowledge receipt of this FEDERAL MOTOR CARRIER SAFETY REGULATIONS POCKETBOOK (ORS-7A). In addition, I agree to familiarize myself with the Federal Motor Carrier Safety Regulations (FMCSR) of the U.S. Department of Transportation. Parts 40, 382, 383, 390-397, 399 Subchapter B, Chapter 3, Title 49 of the Code of Federal Regulations, as contained therein.

_Dwight N. Knight_     3-10-00
DRIVER'S SIGNATURE     DATE

_Transport Unlimited IUC_
COMPANY

_____
COMPANY SUPERVISOR'S SIGNATURE

12/97

NOTE: This receipt shall be read and signed by the driver. A responsible company supervisor shall countersign the receipt and place it in the driver's qualification file.

-1-

REMOVABLE PAGE -- PULL SLOWLY FROM TOP RIGHT CORNER


EXHIBIT 3




TRANSPORTATION
UNLIMITED INC.

*Specialists in Driver Leasing*

## I. NOTICE TO DRIVERS

The Commercial Motor Vehicle Safety Act of 1986 provides for a new set of controls over the drivers of commercial vehicles. The new law applies to all drivers operating vehicles and combinations with a Gross Vehicle Weight Rating over 26,000 pounds, and to any vehicle, regardless of weight, transporting hazardous materials.
The following provisions of this legislation become effective July 1, 1987:

1. No driver may possess more than one license, and no motor carrier may use a driver having more than one license. A limited exception is made for drivers who are subject to non resident licensing requirements of any state. This exception does not apply after December 31, 1989.
2. A driver convicted of a traffic violation (other than parking) must notify the motor carrier AND the state which issued the license to that driver of such conviction within 30 days.
3. Any person applying for a job as a commercial vehicle driver must inform the prospective employer of all previous employment as the driver of a commercial vehicle for the past 10 years, in addition to any other required information about the applicant's employment history.
4. Any violation is punishable by a fine not to exceed $2,500. In addition, the Federal Motor Carrier Safety Regulations now require that a driver who loses any privilege to operate a commercial vehicle or who is disqualified from operating a commercial vehicle, must advise the motor carrier the next business day after receiving notification of such action.

---

## TO BE RETAINED BY MOTOR CARRIER

## II. CERTIFICATION BY DRIVER

I hereby certify that I have read and understand the driver provisions of the Commercial Motor Vehicle Safety Act of 1986 which become effective on July 1, 1987.

Driver's Name (print) __David H. Knight__   Soc. Sec. # ██████4499

Driver's Address __11682 Rt 97 Lot 9 Waterford, Pa 16441__

License: State __PA__   Type/Class __AM__   ID No ██████280

I further certify that the above commercial vehicle license is the only one held _____;
or that I have surrendered the following licenses to the state indicated.

State _____ Type/Class _____ ID No. _____

State _____ Type/Class _____ ID No. _____

Driver's Signature X __David N Knight__

orate Headquarters • 3740 Carnegie Avenue • Cleveland, Ohio 44115-2716 • P (216) 426-0088 • F (216) 426-2248

# REQUEST FOR INFORMATION
## From Previous Employer

EXHIBIT
5  3-24-05

I hereby authorize you to release the following information to

_TRANSPORTATION UNLIMITED_ for the purposes of investigation
(Prospective Employer)
as required by Section 391.23 of the Federal Motor Carrier Safety Regulations. You are released from any and all liability which may result from furnishing such information.

Date _4-3-2000_ Applicant's Signature X _David H Knight_

MAIL TO:

_Dunlap Trucking_
_2139 McKenelly Ave_
_Erie PA_
_16503_

Dear Sir/Madam:

The below named individual has made application to this company for a position as _Semi-Driver_ and states that he/she was employed by you as _Semi-Driver_ from _June 1999_ to _March 2000_.

We appreciate your time in completing, in confidence, the information requested below. Enclosed is a business reply envelope for your convenience. Thank you for your courtesy.

Sincerely, M. Panzarella

TRANSPORTATION UNLIMITED
3740 Carnegie Avenue
Cleveland, Ohio 44115

---

Name of Applicant: _David H Knight_   Social Security No.: _████-4199_

1. Employed from _6/99_ to _3/00_ as _Driver_ at wage or salary of _____.

2. Did he/she drive motor vehicle for you? _____, Straight Truck? _X_, Tractor-Semitrailer? _____, Bus? _____. Other (Specify) _____

3. Was he/she a safe and efficient driver? _OK_

4. Reason for leaving your employ: Discharged _____; Resignation _X_; Lay Off _____; Military Duty _____.

5. Was his/her general conduct satisfactory? _OK_

6. Please advise history of past driving record if available for past three years _____

(Over)

17-F
(REV. 2/96)

# CONFIDENTIAL REPORT OF PERSONAL REFERENCE

Please indicate your opinion by placing a check (√) in the appropriate column.

| CHARACTERISTICS | EXCELLENT | GOOD | FAIR | POOR |
|---|---|---|---|---|
| Disposition, Tact, Ability to get along with others | | X | | |
| Initiative, Resourcefulness | | X | | |
| Safety Habits | | | X | |
| Driving Skill | | | X | |
| Attitude | | X | | |
| Loyalty | | | | |

Any other remarks _____

SIGNATURE _Rand Ry_ (illegible)
TITLE _mgr_
DATE _4/10/00_

FOR PROSPECTIVE EMPLOYER'S RECORD
MAINTAIN THIS INFORMATION IN THE DRIVER QUALIFICATION FILE FOR
3 YEARS AFTER THE PERSON'S EMPLOYMENT BY THE MOTOR CARRIER CEASES.

© Copyright 1995 J. J. KELLER & ASSOCIATES, INC., Neenah, WI • USA • (800) 327-6868
Printed in the United States

17-F
(REV. 2/96)

## SECTION 1: TO BE COMPLETED BY PROSPECTIVE EMPLOYEE

I, (Print Name) **DAVID H KNIGHT**
First, M.I., Last

Social Security Number: **4199**

hereby authorize that:

[Stamp: D KNIGHT EXHIBIT 1 3-29-05 LKR, PENGAD 800-631-6989]

Previous Employer: **DUNLAP TRUCKING**
Street: **2139 McKenelly Ave**      Telephone: **800-320 1989**
City, State, Zip: **Erie PA 16503**      Fax No.: _____

may release and forward information requested by section 2 (below) of this document concerning my Alcohol and Controlled Substances Testing records to:

Prospective Employer: **TRANSPORTATION UNLIMITED**
Attention: **M. PANZARELLA**
Street: **3740 CARNEGIE AVE**      Telephone: **800-541-8154**
City, State, Zip: **CLEVELAND OHIO 44115**      Fax No.: **216-426 2248**

X **David H Knight**      **3-20-2000**
Applicant Signature      Date

This is in compliance with §382.405(f) and (h), which state:
(f) Records shall be made available to a subsequent employer upon receipt of a written request from a driver. Disclosure by the subsequent employer is permitted only as expressly authorized by the terms of the driver's request.
(h) An employer shall release information regarding a driver's records as directed by the specific, written consent of the driver authorizing release of the information to an identified person. Release of such information by the person receiving the information is permitted only in accordance with the terms of the employee's consent.
§382.413(a)(b)(d)(e)(f)(h) further state:
§382.413 Inquiries for alcohol and controlled substances information from previous employers.
(a)(1) An employer shall, pursuant to the driver's written authorization, inquire about the following information on a driver from the driver's previous employers, during the preceding two years from the date of application, which are maintained by the driver's previous employers under §382.401(b)(1) (i) through (iii) of this subpart:
(i) Alcohol tests with a result of 0.04 alcohol concentration or greater;
(ii) Verified positive controlled substances test results; and
(iii) Refusals to be tested.
(2) The information obtained from a previous employer may contain any alcohol and drug information the previous employer obtained from other previous employers under paragraph (a)(1) of this section.

(b) If feasible, the information in paragraph (a) of this section must be obtained and reviewed by the employer prior to the first time a driver performs safety-sensitive functions for the employer. If not feasible, the information must be obtained and reviewed as soon as possible, but no later than 14-calendar days after the first time a driver performs safety-sensitive functions for the employer. An employer may not permit a driver to perform safety-sensitive functions after 14 days without having made a good faith effort to obtain the information as soon as possible. If a driver hired or used by the employer ceases performing safety-sensitive functions for the employer before expiration of the 14-day period or before the employer has obtained the information in paragraph (a) of this section, the employer must still make a good faith effort to obtain the information.
(d) The prospective employer must provide to each of the driver's previous employers the driver's specific, written authorization for release of the information in paragraph (a) of this section.
(e) The release of any information under this section may take the form of personal interviews, telephone interviews, letters, or any other method of transmitting information that ensures confidentiality.
(f) The information in paragraph (a) of this section may be provided directly to the prospective employer by the driver, provided the employer assures itself that the information is true and accurate.
(h) Employers need not obtain information under paragraph (a) of this section generated by previous employers prior to the starting dates in §382.115 of this part.

## SECTION 2: TO BE COMPLETED BY PREVIOUS EMPLOYER

If driver was not subject to Part 382 testing requirements while employed by this employer, please check here ☐, sign below, and return.

Under Part 382 testing requirements:      YES   NO
1. Has this person ever tested positive for a controlled substance in the last two years?*   ☐   ☑
2. Has this person ever had an alcohol test with a Breath Alcohol Concentration 0.04 or greater in the last two years?*   ☐   ☑
3. Has this person ever refused a required test for drugs or alcohol in the last two years?*   ☐   ☑

* Please include information received from other previous employers.

If YES to any of the above questions, please give the SAP's (Substance Abuse Professional) name, address and phone number for further reference.

Name: _____
Street: _____
City, State, Zip: _____      Telephone: _____
Section 2 Completed by (Signature): _____      Date: _____

## SECTION 3: TO BE COMPLETED BY PROSPECTIVE EMPLOYER

This form was (check one)  ☐ Faxed to previous employer.  ☑ Mailed.      Date: **4-3-2000**
Complete below when information is obtained.
Information received from: _____
Recorded by: _____      Method: ☐ Fax  ☐ Mail  ☐ Phone
Date: _____                  ☐ Personal Interview

Copyright 1996
Published by J. J. KELLER & ASSOCIATES, INC.
Neenah, WI 54957-0368

**RETAIN IN DRIVER'S CONFIDENTIAL FILE**

349-F
(Rev. 4/96)

AUTHORIZE TRANSPORTATION UNLIMITED INC. (THE "COMPANY") AND ITS REPRESENTATIVE/S TO INVESTIGATE THE RESPONSES CONTAINED
 THIS APPLICATION AND SPECIFICALLY, TO OBTAIN INFORMATION CONCERNING MY MOTOR VEHICLE OPERATION RECORD, CRIMINAL
ONVICTIONS, EMPLOYMENT HISTORY, EDUCATIONAL HISTORY, AND EXCEPT AS MAY BE LIMITED BY APPLICABLE LAW, OTHER MATTERS
ASONABLY RELATED TO MY EMPLOYMENT CANDIDACY. I UNDERSTAND THAT ANY FALSE INFORMATION I GIVE MAY RESULT IN
ERMINATION OF MY EMPLOYMENT CANDIDACY OR IF HIRED, TERMINATION OF MY EMPLOYMENT.

 AN EMPLOYEE RELATIONSHIP IS ESTABLISHED, I UNDERSTAND THAT SUCH EMPLOYMENT IS TERMINABLE FOR CAUSE, BY EITHER MYSELF,
R THE COMPANY AT ANY TIME, FOR ANY REASON. IN ADDITION, I UNDERSTAND THAT WITH THE EXCEPTION OF THE PRESIDENT OR VICE
RESIDENT OF TRANSPORTATION UNLIMITED INC., NO COMPANY REPRESENTATIVE HAS THE AUTHORITY TO MAKE ORAL OR WRITTEN
GREEMENTS WHICH ARE CONTRARY TO THE FOREGOING.

LSO UNDERSTAND THAT ANY OFFER OF EMPLOYMENT IS CONTINGENT UPON SUCCESSFUL COMPLETION OF A DRUG SCREENING TEST, A
HYSICAL EXAMINATION AND THE BACKGROUND CHECKS REFERRED TO ABOVE. IF I AM HIRED OR AN OFFER OF EMPLOYMENT IS MADE (A) I
OLUNTARILY CONSENT TO UNDERGO SUCH PHYSICAL EXAMINATIONS AND DRUG OR ALCOHOL TESTING AS MAY BE REQUIRED BY THE
OMPANY IN CONNECTION WITH MY APPLICATION AND FROM TIME TO TIME IN COMPLYING WITH COMPANY POLICIES. AND (B) I AGREE TO
ECUTE ANY SUPPLEMENTAL CONSENT FORMS WHICH MAY BE REQUIRED BY THE COMPANY, ANY ENTITY PROVIDING EMPLOYEE HEALTH
 WELFARE BENEFITS, OR ANY TESTING FACILITY IN CONNECTION WITH THE IMPLEMENTATION OF SUCH POLICIES (INCLUDING A CONSENT
 RELEASE OF RELEVANT MEDICAL RECORDS). ANY QUESTIONS I MAY HAVE CONCERNING SUCH POLICIES HAVE BEEN FULLY ANSWERED.
 HIRED, I ALSO AUTHORIZE THE COMPANY TO OBTAIN INFORMATION CONCERNING MY WORKER'S COMPENSATION CLAIMS HISTORY.

S AGREED AND UNDERSTOOD THAT THIS APPLICATION FOR EMPLOYMENT IN NO WAY OBLIGATES THE EMPLOYER TO EMPLOY ME. I ALSO
DERSTAND THAT MY EMPLOYMENT WITH THE COMPANY IS CONDITIONAL FOR THE FIRST 90 DAYS OF EMPLOYMENT AND THAT DURING
IS PERIOD I MAY BE TERMINATED FOR ANY REASON WHATSOEVER WITH OR WITHOUT CAUSE AND WITHOUT RECOURSE.

 SUBMITTING AND SIGNING THIS APPLICATION I HEREBY CONSENT TO TRANSPORTATION UNLIMITED INC. SHARING THIS INFORMATION
TH ALL AUTHORIZED COMPANY PERSONNEL AND THEIR REPRESENTATIVES.

IS CERTIFIES THAT THIS APPLICATION WAS COMPLETED BY ME, AND THAT ALL ENTRIES ON IT AND INFORMATION IN IT ARE TRUE AND
MPLETE TO THE BEST OF MY KNOWLEDGE. THIS ALSO CERTIFIES THAT I HAVE READ, UNDERSTOOD AND AGREE TO THE ABOVE.

_David H. Knight_      3-10-00
IVER'S SIGNATURE      DATE

EXHIBIT 7

## AUTHORIZATION FOR RELEASE OF POLICE RECORDS

_David H. Knight_    1182 Rt 97 Lot 9 Waterford, PA 16441
NAME      ADDRESS

HEREBY AUTHORIZE ANY LAW ENFORCEMENT OFFICE OR OFFICER TO SEARCH THEIR RECORDS FOR AN ARREST, CONVICTION, OR
FORMATION THAT THEY MAY HAVE REGARDING ME, AND TO MAKE THIS INFORMATION AVAILABLE TO THE COMPANY OR ITS AUTHORIZED
PRESENTATIVE AS DIRECTED.

_David H. Knight_    3-10-00      _[signature]_    3/10/00
IVER'S SIGNATURE   DATE      WITNESS SIGNATURE   DATE

## AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS

EREBY AUTHORIZE ANY HOSPITAL, PHYSICIAN, OR OTHER PROVIDERS OF MEDICAL SERVICES, AND EMPLOYER, INSURANCE COMPANY, OR
HER PERSON OR ENTITY TO PROVIDE THE COMPANY OR ANY EMPLOYEE BENEFITS SPONSORED BY THE COMPANY ANY AND ALL MEDICAL
FORMATION WHICH THEY MAY HAVE INCLUDING, BUT NOT LIMITED TO, PAST AND PRESENT MEDICAL HISTORY, CLINICAL CHARTS AND
GNOSES, CONSULTATIONS, PRESCRIPTIONS, X-RAY REPORTS, BILL AND RECEIPTS, OR RECORDS AND OTHER DATA RELATING TO
AMINATIONS OR TREATMENT.

NDERSTAND THAT ANY EMPLOYEE BENEFITS SPONSORED BY THE COMPANY WILL LIMIT ITS INQUIRY TO SUCH MATTERS AS IT
TERMINES ARE REASONABLY NECESSARY IN ITS DETERMINATION OF MY ELIGIBILITY OR ITS EXAMINATION OF AN ILLNESS OR INJURY. I
DERSTAND THAT THE COMPANY WILL LIMIT ITS INQUIRY TO THE ABOVE AND/OR SUCH MATTERS AS IT DETERMINES MAY HAVE A BEARING
 MY SAFETY, THE SAFETY OF OTHER EMPLOYEES OR MY ABILITY TO PERFORM MY JOB. I FURTHER UNDERSTAND THAT THE COMPANY AND
 EMPLOYEE BENEFITS SPONSORED BY THE COMPANY WILL EXERCISE DUE CARE TO RESTRICT ACCESS TO MY MEDICAL INFORMATION
 PRESERVE ITS CONFIDENTIALITY IN ACCORDANCE WITH APPLICABLE LAW.

_David H. Knight_    3-10-00      _[signature]_    3/10/00
VER'S SIGNATURE   DATE      WITNESS SIGNATURE   DATE

## EMPLOYEE INFORMATION AND CONSENT TO RELEASE ALCOHOL & CONTROLLED SUBSTANCES TEST INFORMATION

_____. DO HEREBY GIVE MY CONSENT TO TRANSPORTATION UNLIMITED INC.
 SEND SAMPLES & SPECIMENS WHICH I VOLUNTARILY SUBMIT TO A QUALIFIED LABORATORY SELECTED BY THE COMPANY FOR
OHOL & CONTROLLED SUBSTANCES TESTING. I AUTHORIZE THE DESIGNATED LABORATORY TO RELEASE RESULTS OF MY TESTS TO
 EMPLOYER OR PROSPECTIVE EMPLOYER AS IDENTIFIED ABOVE. I UNDERSTAND THAT REASONABLE PRECAUTIONS WILL BE OBSERVED
 APPLICABLE FEDERAL LAW. I FURTHER RELEASE MY EMPLOYER OR PROSPECTIVE EMPLOYER AND THE DESIGNATED LABORATORY
OM ANY CLAIMS OR DAMAGES RELATING TO THE RESULTS OF SUCH TESTING AND THE USE OF THE TEST RESULTS, EXCEPT IN CASES
 GROSS NEGLIGENCE OR WILLFUL MISCONDUCT.

_David H. Knight_    3-10-00      _[signature]_    3/10/00
VER'S SIGNATURE   DATE      WITNESS SIGNATURE   DATE



Carnegie Testing
3740 Carnegie Avenue #303
Cleveland, OH 44115
2164260365

**TO:**
Transportation Unlimited
3740 Carnegie Ave.
Cleveland, OH 44115

# Medical Review Officer Report

*- Confidential -*

*This is a notification of a controlled substance test result on:*

**Individual Tested:** DAVID KNIGHT
**Test Type:** Pre-Employment
**Collection Site:**

**Laboratory:**
**MRO:**
**Drug Panel:** SAMHSA

**ID/SS#:** ▇▇▇4199
**Specimen ID#:** 0295603
**Date of Collection:** 03/21/2000

**Lab Accession #:** 00087430
**MRO Report Date:** 03/23/2000

| Drug | Immunoassay Screening level | GC/MS Confirmation Cutoff |
|------|-----------------------------|---------------------------|

**This controlled substances test was conducted in accordance with 49 CFR Part 40.**
**The verified result is:**

(X) Negative            ( ) Positive

( ) Pending

( ) Canceled

( ) Not Performed

**Comments:**



Medical Review Officer



**DOT**

Carnegie Clinic
3740 Carnegie Ave.
Cleveland, OH 44115
2164260365

**TO:** Greg Meyers
Transportation Unlimited
3740 Carnegie Ave.
Cleveland, OH 44115

# Medical Review Officer Report
*- Confidential -*

*This is a notification of a controlled substance test result on:*

**Individual Tested:** DAVID KNIGHT          **ID/SS#:** ███4199
**Test Type:** Random                         **Specimen ID#:** 0960215
**Collection Site:**                          **Date of Collection:** 07/05/2001

**Laboratory:** SmithKline/ Quest             **Lab Accession #:** 00087430
**MRO:** Ronald G. Hawes, MD                  **MRO Report Date:** 07/06/2001
**Drug Panel:** SAMHSA

| Drug | Immunoassay Screening level | GC/MS Confirmation Cutoff |
|---|---|---|

**This controlled substances test was conducted in accordance with 49 CFR Part 40.**
**The verified result is:**

( X ) Negative          ( ) Positive

( ) Pending

( ) Canceled

( ) Not Performed

**Comments:**



*Ronald G. Hawes, M.D.*

_____
**Medical Review Officer**

2576



**TO:** Transportation Unlimited
3740 Carnegie Ave.
Cleveland, OH 44115

**CONTACT:** Greg Meyers

---

**INDIVIDUAL TESTED:**   DAVID KNIGHT, ID# ████4199

**DETAILED TEST INFORMATION:**

| | |
|---|---|
| **Test Type:** RAN | **Drug Panel:** SHSA |
| **Collected by:** | on 07/05/2001 |

**Alcohol Concentration Level:**   0.000

2576



**TRANSPORTATION UNLIMITED INC.**

*Specialists in Driver Leasing*

2576

August 23, 2000

David H. Knight
11682 RT. 97, Lot #9
Waterford, PA 16441

Dear Mr. Knight:

The investigation of your accident dated August 8, 2000, has been completed and found that the accident was preventable and is charged to you as such.

We would take this moment to remind you that a driver is solely responsible for the safe operation of his equipment at all times, and must be ready to respond correctly in emergency situations, had you done so in this incident you would not have been cited for the following to close.

Sincerely,

Sam Zarzour/gms
Sam Zarzour
Safety & Compliance

SZ/gms

encl.

xc:   Brian Mullen – GAF
      File



Equal Employment Opportunity Commission

# DISMISSAL AND NOTICE OF RIGHTS

| To: | David H. Knight<br>11682 Route 97, Lot 9<br>Waterford, PA 16441 | From: | Equal Employment Opportunity Commission<br>Liberty Center, Suite 300<br>1001 Liberty Avenue<br>Pittsburgh, PA 15222-4187 |

[ ]  *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No.<br>172-A300686 | EEOC Representative<br>Legal Unit | Telephone No.<br>(215) 440-2828 |

*(See the additional information attached to this form.)*

YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON:

[ ] The facts you allege fail to state a claim under any of the statutes enforced by the Commission.

[ ] Respondent employs less than the required number of employees.

[ ] Your charge was not timely filed with the Commission, *i.e.*, you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[ ] The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[ ] The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] Other *(briefly state)* Respondent is not the proper employer in this given matter.

## -- NOTICE OF SUIT RIGHTS --

[X] **Title VII and/or the Americans with Disabilities Act:** This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in U.S. District Court. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[ ] **Age Discrimination in Employment Act:** This is your NOTICE OF DISMISSAL OR TERMINATION, which terminates processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in U.S. District Court. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue is lost.

[ ] **Equal Pay Act (EPA):** EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

I certify that this notice was mailed on the date set out below.

On behalf of the Commission

08-29-03
(Date Mailed)

Eugene V. Nelson, Area Director

Enclosure
  Information Sheet

cc: Respondent(s)
    G.A.F. Corporation

EEOC Form 161 (Test 5/95)

EXHIBIT
D. KNIGHT
3-29-05

# FILING SUIT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OR THE AMERICANS WITH DISABILITIES ACT

## PRIVATE SUIT RIGHTS:

This issuance of this Notice of Right to Sue ends EEOC's process with respect to your charge. You may file a lawsuit against the respondent named in your charge within 90 days from the date you receive this Notice. Therefore you should **keep a record of this date**. Once this 90-day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf, your suit should be filed **well in advance of the expiration of the 90-day period**.

Your lawsuit must be filed in U.S. District Court. Filing this Notice is not sufficient. A court complaint must contain a short statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the state where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.

You may contact EEOC if you have any questions about your rights, including advice on which U.S. District Court can hear your case, or if you need to inspect and copy information contained in the case file. (Additionally, many EEOC offices can provide you with names of private attorneys who have agreed to consider referrals for private litigation.)

## ATTORNEY REPRESENTATION:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, at its discretion, assist you in obtaining a lawyer. If you plan to ask the U.S. District Court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the U.S. District Court should be made well before the end of the 90-day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within this 90-day period.

## DESTRUCTION OF FILE:

If you file suit, you or your attorney should forward a copy of your court complaint to the office where you filed your charge within 10 days after you file suit. Your file will be preserved. Generally, EEOC's rules call for your charge file to be destroyed six months from now (one year in the case of charges dismissed for no jurisdiction) unless you have notified us that you have filed suit in U.S. District Court.

**IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.**

Reverse Side of Form 161 (Test 10/94)

EEOC Form 161 (Test 5/95)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Pittsburgh Area Office

Liberty Center
1001 Liberty Avenue, Suite 300
Pittsburgh, PA 15222-4187
(412) 644-3444
TTY (412) 644-2720
FAX (412) 644-2664

David Knight
11682 Route 97
Lot 9
Waterford, PA 16441

    Re:    172-A300686
              Knight v. G.A.F. Corporation

Dear Mr. Knight:

Your charge of employment discrimination referenced above was investigated pursuant to the Commission's policies and procedures in which it was determined that the Respondent is not a covered employer under Title VII of the Civil Rights Act of 1964, as amended (Title VII) as indicated below:

You alleged that the Respondent discriminated against you because of your race/black in that you were subjected to racially derogatory comments by a management employee of G.A.F. and a white employee of G.A.F. and that you were discharged from your position of truck driver on June 29, 2002, in violation of Title VII.

You were advised of the Respondent's defense by a letter from the Equal Employment Opportunity Commission (EEOC) on or about June 2, 2003. Meanwhile, you submitted a rebuttal for the EEOC's review on or about June 10, 2003.

However, after an examination of the information provided by you and the Respondent, as well as the testimony provided by Transportation Unlimited, the EEOC finds that Transportation Unlimited, not the Respondent (G.A.F. Corporation), was your employer.

Therefore, the EEOC has determined that the Respondent is not the proper employer; and as a result, it lacks jurisdiction to investigate this matter further. Accordingly, please find enclosed the Commission's Dismissal and Notice of Rights. If you wish to pursue this matter further, you may file a lawsuit on your own behalf within 90 days of your receipt of the attached notice.

                                                              Sincerely,

                                                              Paul Southworth
                                                              Investigator

Enclosure