IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID H. KNIGHT, <br> Plaintiff | ) <br> ) <br> ) | CIVIL ACTION |
| v. | ) <br> ) | NO. 03-410 ERIE |
| BUILDING MATERIALS CORPORATION <br> OF AMERICA d/b/a GAF MATERIALS <br> CORPORATION and/or BUILDING <br> MATERIALS MANUFACTURING <br> CORPORATION and JOE RINDERLE, <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |

## ANSWERS TO PLAINTIFF'S
## INTERROGATORIES TO DEFENDANT (FIRST SET)

Defendants BUILDING MATERIALS CORPORATION OF AMERICA d/b/a GAF MATERIALS CORPORATION and/or BUILDING MATERIALS MANUFACTURING CORPORATION and JOE RINDERLE, by and through their attorneys, MacDonald, Illig, Jones & Britton LLP, serve the following Answers to Plaintiff's Interrogatories to Defendant (First Set):

1.  Was plaintiff ever subjected to counseling, reprimand, or discipline by any person or entity during the time he worked as a driver for defendant?

    **ANSWER:** Plaintiff David Knight was assigned by his employer, Transportation Unlimited, Inc., to the Erie, PA facility of defendant Building Materials Manufacturing Corporation, and was subject to reassignment and discipline, including discharge, by Transportation Unlimited, Inc. As a result, defendant Building

**EXHIBIT
B**

Materials Manufacturing Corporation did not counsel, reprimand or discipline plaintiff David Knight. Defendant Building Materials Manufacturing Corporation did speak with plaintiff David Knight during his assignment at its Erie, PA facility regarding cellular telephone usage and reimbursement of excess charges.

It is believed that plaintiff David Knight was reprimanded by his employer, Transportation Unlimited, Inc., regarding an August 8, 2000 motor vehicle accident for which Knight was cited and found to be at fault. See August 23, 2000 correspondence of Sam Zarzour of Transportation Unlimited, Inc. directed to David H. Knight, produced with subpoenaed records by plaintiff David Knight on February 16, 2005.

Defendants' investigation is ongoing, and this Answer will be supplemented as necessary and as required under the Federal Rules of Civil Procedure.

2. If so, please set forth the facts giving rise to such discipline, the discipline imposed, and the identity of persons involved in the decision to impose any such discipline or any review of any such discipline.

**ANSWER:** See Answer to Interrogatory No. 1.

3. To the extent you claim plaintiff was not "employed" by defendant, please set forth each complaint you made to the entity you consider to be plaintiff's employer concerning plaintiff, setting forth the facts giving rise to each such complaint, the manner in which the employer responded to each such complaint, including a complete description of any discipline imposed, and the identity of persons involved in responding to any such complaint.

**ANSWER:** On or about the end of June 2002, Carlo Melia of defendant Building Materials Manufacturing Corporation requested of Transportation Unlimited, Inc., plaintiff David Knight's employer, that Knight no longer be assigned to the Erie, PA facility of Building Materials Manufacturing Corporation as a result of

- 2 -

Knight's attendance, and specifically, his unexcused absences on June 27, 2002 and June 28, 2002. Transportation Unlimited, Inc. subsequently discontinued plaintiff David Knight's assignment to the Erie, PA facility of Building Materials Manufacturing Corporation. See August 25, 2003 correspondence of Glen Pauley of Complete Personnel Logistics [third-party employment service used by Transportation Unlimited, Inc.] directed to Paul Southworth of the Equal Employment Opportunity Commission, produced with subpoenaed records by plaintiff David Knight on February 16, 2005.

Defendant Building Materials Manufacturing Corporation contacted Transportation Unlimited, Inc. regarding an August 8, 2000 motor vehicle accident for which Knight was cited and found to be at fault. See August 23, 2000 correspondence of Sam Zarzour of Transportation Unlimited, Inc. directed to David H. Knight, produced with subpoenaed records by plaintiff David Knight on February 16, 2005.

Defendants' investigation is ongoing, and this Answer will be supplemented as necessary and as required under the Federal Rules of Civil Procedure.

4. Please set forth each instance upon which you claim plaintiff did not report on time for work or missed work without a legitimate excuse, identifying any documents which describe, refer, or relate to any such incidents and identifying each person involved in discovering, investigating, and/or imposing counseling or discipline on plaintiff as the result of any such incidents.

**ANSWER:** On June 27, 2002, plaintiff David Knight initially reported to the Erie, PA facility of defendant Building Materials Manufacturing Corporation, departed the facility prior to completing his assigned delivery, and subsequently contacted defendant Joe Rinderle by telephone to advise he would not return to the facility that day or report for the next couple days. Rinderle and Ken Joint of Building Materials Manufacturing Corporation reported this to Carlo Melia, Private Fleet Manager of Building Material Manufacturing Corporation. Thereafter, Melia requested of Transportation Unlimited, Inc. that Knight no longer be assigned to

the Erie, PA facility of Building Materials Manufacturing Corporation as a result of Knight's attendance, and specifically, the unexcused absences. Transportation Unlimited, Inc. subsequently discontinued plaintiff David Knight's assignment to the Erie, PA facility of Building Materials Manufacturing Corporation. See August 25, 2003 correspondence of Glen Pauley of Complete Personnel Logistics [third-party employment service used by Transportation Unlimited, Inc.] directed to Paul Southworth of the Equal Employment Opportunity Commission, produced with subpoenaed records by plaintiff David Knight on February 16, 2005.

Defendants' investigation is ongoing, and this Answer will be supplemented as necessary and as required under the Federal Rules of Civil Procedure.

5.   Please describe, including the date and identity of any of defendants' employees involved each time plaintiff was counseled or warned concerning his cell phone usage. If there is a written policy governing cell phone usage, please identify said policy.

   **ANSWER:**   Defendant Building Materials Manufacturing Corporation did speak with plaintiff David Knight during his assignment at its Erie, PA facility regarding cellular telephone usage and reimbursement of excess charges. With regard to the identity of the employees involved and any written policy, defendants' investigation is ongoing, and this Answer will be supplemented.

6.   Please describe the investigation conducted by defendants of plaintiff's complaint of racial harassment and discrimination, identifying each employee or representative of GAF involved in conducting, performing or directing any such investigation, the identity of any persons interviewed, the identity of any documents reviewed and whether any written statements of witnesses exist. To the extent that you object to this Interrogatory as seeking attorney work product, please identify the counsel involved, setting forth the dates of their retention.

**ANSWER:** Defendant Building Materials Manufacturing Corporation's first notice of plaintiff David Knight's averments regarding alleged racial harassment and/or discrimination was the receipt, on or about March of 2003, of the Charge of Discrimination filed by Knight with the Equal Employment Opportunity Commission. At that time, Robin Williams, Human Resource Manager of the Erie, PA facility of defendant Building Materials Manufacturing Corporation conducted an investigation. Ms. Williams interviewed Joe Rinderle and Roger Ellis. The Charge of Discrimination was reviewed. It was concluded that there had been no violation of defendant Building Materials Manufacturing Corporation's anti-discrimination and anti-harassment policy.

Defendants' investigation is ongoing, and this Answer will be supplemented as necessary and as required under the Federal Rules of Civil Procedure.

7.  Please set forth the date upon which you contend plaintiff was informed of the existence of a non-discrimination policy and complaint resolution procedure. If plaintiff signed a receipt for any such procedure, please identify the custodian of said document.

**ANSWER:** During the time plaintiff David Knight was assigned by his employer, Transportation Unlimited, Inc., to the Erie, PA facility of defendant Building Materials Manufacturing Corporation, Equal Employment Opportunity Commission posters regarding unlawful discrimination and harassment were posted for viewing in the guard house at the facility entrance, inside the plant facility, and inside the main office.

Defendants' investigation is ongoing, and this Answer will be supplemented as necessary and as required under the Federal Rules of Civil Procedure.

8.  With regard to the non-discrimination policy provided to the Equal Employment Opportunity Commission by Amrita Master Dahl, Esquire, on or about August 11, 2003, please state the following:

a.  identify each person who has filed a complaint pursuant to that procedure;

b.  set forth the action taken with respect to each complaint;

c.  set forth the subsequent employment history of each such employee with defendant;

d.  if any employees who have made complaints are separated from their employment with defendant, please set forth the date and stated reason for such separation.

**ANSWER:** Objection. Defendant Building Materials Manufacturing Corporation objects to this discovery request which seeks information not relevant or likely to lead to the discovery of admissible evidence and exceeds the scope of permissible discovery provided by Federal Rule of Civil Procedure 26.

9.  Prior to plaintiff's complaint, had defendants been made aware of any complaints that Joseph Rinderle made racially disparaging or inappropriate comments involving any person? If so, please identify each person with knowledge of any such complaint or comments.

**ANSWER:** No.

10. Please describe any and all racial or diversity training provided by defendant to any of its employees or contractors at any time during the period of time that plaintiff was reporting to the GAF facility for work.

**ANSWER:** Employees of defendant Building Materials Manufacturing Corporation are provided with the company's Anti-Harassment and Sexual Harassment Policy. With regard to additional periodic training, defendants' investigation is ongoing, and this Answer will be supplemented.

11. With regard to the decision to "remove" plaintiff from the contract with Transportation Unlimited, please identify each person involved in the process leading to the decision to request the removal of plaintiff from defendant's contract with Transportation Unlimited, the dates on which any group or groups of persons involved in the decisions met, identifying any notes of minutes of any such meeting or memoranda of the decision.

**ANSWER:** Objection. Defendant Building Material Manufacturing Corporation objects to this Interrogatory due to the vague and ambiguous language contained therein. Specifically, it is unknown what the summary statement "removed from the contract" is intended to include or exclude.

Without waiving said objection, on or about June 27, 2002, Joe Rinderle and Ken Joint of defendant Building Materials Manufacturing Corporation advised Carlo Melia of defendant Building Materials Manufacturing Corporation that plaintiff David Knight had reported to the facility that morning, had departed the facility prior to completing his assigned delivery, and had subsequently contacted Rinderle by telephone to advise he would not return to the facility that day or report for the next couple days. Thereafter, Carlo Melia requested of Transportation Unlimited, Inc. that Knight no longer be assigned to the Erie, PA facility of Building Materials Manufacturing Corporation as a result of Knight's attendance, and specifically, these unexcused absences. Transportation Unlimited, Inc. subsequently discontinued plaintiff David Knight's assignment to the Erie, PA facility of Building Materials Manufacturing Corporation. Defendant Building Materials Manufacturing Corporation is unaware of any notes or memoranda prepared by Building Materials Manufacturing Corporation personnel regarding this decision.

Defendants' investigation is ongoing, and this Answer will be supplemented as necessary and as required under the Federal Rules of Civil Procedure.

12. Please identify each person involved in the decision to contract with Transportation Unlimited, identifying any notes or memoranda which refer or relate to the decision to enter into a contract with Transportation Unlimited.

**ANSWER:**   Defendants' investigation is ongoing, and this Answer will be supplemented.

Respectfully submitted,

*/s/ Lisa O. Presta*

Lisa Smith Presta
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7600

Attorneys for Defendants
   Building Materials Corporation of America
   d/b/a GAF Materials Corporation and/or
   Building Materials Manufacturing Corporation
   and Joe Rinderle

---

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document was served upon all other parties appearing of record by Hand Delivery on May 20, 2005.

*/s/ Lisa O. Presta*

---

879868

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID H. KNIGHT,<br> Plaintiff | ) CIVIL ACTION<br>)<br>) |
| v. | ) NO. 03-410 ERIE<br>) |
| BUILDING MATERIALS CORPORATION<br>OF AMERICA d/b/a GAF MATERIALS<br>CORPORATION and/or BUILDING<br>MATERIALS MANUFACTURING<br>CORPORATION and JOE RINDERLE,<br> Defendants | )<br>)<br>)<br>)<br>)<br>) |

## **VERIFICATION**

I, Joe Rinderle, hereby depose and state that I am a defendant herein and that the averments set forth in the foregoing Answers to Plaintiff's Interrogatories to Defendant (First Set) are true and correct to the best of my knowledge, information and belief. This Verification is made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to intentional falsification to authorities.

                     _____
                     Joe Rinderle