IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID H. KNIGHT,<br>    Plaintiff | ) CIVIL ACTION<br>)<br>) NO. 03-410 ERIE |
| v. | )<br>) |
| BUILDING MATERIALS CORPORATION<br>OF AMERICA d/b/a GAF MATERIALS<br>CORPORATION and/or BUILDING<br>MATERIALS MANUFACTURING<br>CORPORATION and JOE RINDERLE,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) ELECTRONICALLY FILED |

**DEFENDANTS' PRETRIAL NARRATIVE STATEMENT**

Defendants BUILDING MATERIALS CORPORATION OF AMERICA, d/b/a GAF MATERIALS CORPORATION and/or BUILDING MATERIALS MANUFACTURING CORPORATION and JOE RINDERLE, by their attorneys, MacDonald, Illig, Jones & Britton LLP, file this Pretrial Narrative Statement pursuant to LR 16.1.4.B of the Local Civil Rules of the United States District Court for the Western District of Pennsylvania:

I.     Counterstatement of Facts

   A.     Nature of Claims

This civil action involves the following claims by plaintiff David H. Knight (hereinafter "Knight") against defendants Building Materials Corporation of America d/b/a GAF Materials

Corporation and/or Building Materials Manufacturing Corporation (hereinafter "GAF Materials") and Joe Rinderle (hereinafter "Rinderle"), all based upon alleged racial discriminatory practices and a "hostile work environment":

(1) Count I (Civil Rights), alleging impairment of the right to make and enforce contracts in violation of 42 U.S.C. § 1981 (hereinafter "§ 1981");

(2) Count II (Employment Discrimination), alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (hereinafter "Title VII"); and,

(3) Count III (Employment Discrimination), alleging race discrimination in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* (hereinafter "PHRA").

(Second Amended Complaint, ¶¶ 1-30).

B.    The Parties

Commencing in March of 2000, plaintiff Knight's employer, Transportation Unlimited, Inc., assigned Knight to work as a CDL licensed truck driver at defendant GAF Materials' Erie, Pennsylvania facility. At no time was plaintiff Knight employed by GAF Materials or by the shipping supervisor, Rinderle. Knight is an individual of the African American race who worked as a Transportation Unlimited, Inc. leased driver for two years and three months assigned to the GAF Materials facility.

C.    The Factual Background and Allegations

During the course of his assignment at the GAF Materials facility, plaintiff Knight claims that he was subjected to a hostile work environment by defendant Rinderle and by other co-workers, though he never complained to anyone at GAF Materials or Transportation Unlimited, Inc. about this. Specifically, Knight claims: that Rinderle and his co-workers occasionally made racial comments; that Rinderle treated Knight differently from his non-African American co-workers by not allowing Knight to take home free shingles that were to be discarded by GAF Materials; and, that Rinderle withheld preferred runs from Knight and assigned the runs to non-African American drivers with less seniority and experience than Knight. In addition, plaintiff Knight alleges that he was discharged by the defendants because of his race.

Defendants GAF Materials and Rinderle deny that any of these alleged acts of discrimination occurred. Further, at no time, did plaintiff Knight notify anyone at defendant GAF Materials or at Transportation Unlimited, Inc. of these alleged acts of discrimination. He also did not make a charge or file a complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC") or the Pennsylvania Human Relations Commission (hereinafter "PHRC") at any time prior to the discontinuance of his assignment to the GAF Materials facility.

On June 27, 2002, plaintiff Knight informed defendant Rinderle that he needed to leave work but would return shortly to complete his deliveries. Knight later called Rinderle and informed him he would be unable to return to work for a couple days. It is undisputed that Knight did not explain the reason for his absence to Rinderle or to anyone else at GAF Materials or Transportation Unlimited, Inc.

On or about June 27, 2002, Rinderle and Rinderle's supervisor, Ken Joint, advised Carlo Melia, the Private Fleet Manager of defendant GAF Materials, that Knight had reported to the facility that morning, had departed the facility with the stated intent of returning to complete his deliveries, and had subsequently contacted Rinderle by telephone to advise he would not return for the next couple days.  Thereafter, Carlo Melia requested of Transportation Unlimited, Inc., Knight's employer, that Knight no longer be assigned to the Erie, Pennsylvania facility of GAF Materials as a result of his unexplained absences and GAF Materials' business needs.

II.     Counterstatement of Liability and Damages

    A.     Liability

Defendants GAF Materials and Rinderle did not violate § 1981, Title VII or the PHRA. The request to discontinue plaintiff Knight's assignment to the Erie, Pennsylvania facility of GAF materials was not based in any way upon Knight's race.  Rather, the request that plaintiff Knight no longer be assigned to the facility was due to his failure to report to his assignment by Transportation Unlimited, Inc. to GAF Materials.

Similarly, plaintiff Knight's hostile work environment claims fail under §1981, Title VII, and the PHRA because the alleged discriminatory remarks did not occur.  Further, even if the alleged remarks did occur, the remarks were not sufficiently severe or pervasive to create an objectively hostile or abusive work environment, nor did the alleged conduct detrimentally affect or unreasonably interfere with Knight's work performance.

- 5 -

Defendants GAF Materials and Rinderle incorporate herein Defendants' Motion for Summary Judgment, Brief in Support of Defendants' Motion for Summary Judgment and Appendix to defendants' Motion for Summary Judgment, which establish the absence of liability on the part of the defendants. Specifically, GAF Materials and Rinderle are not liable to plaintiff Knight with respect to his § 1981, Title VII and PHRA claims because: Knight has failed to carry his burden of refuting the defendants' legitimate non-discriminatory reasons for requesting the discontinuance of his assignment; the allegedly hostile conduct was not pervasive and severe and did not detrimentally affect or unreasonably interfere with Knight's work performance; all Title VII claims are barred by the applicable 90-day statute of limitations; Knight failed to exhaust his administrative remedies under Title VII and the PHRA against Rinderle; and, there is no individual liability under Title VII. Defendants' Motion for Summary Judgment is pending before this Honorable Court.

B.   Damages

Defendants GAF Materials and Rinderle contest the damage claim by plaintiff Knight under § 1981, Title VII and the PHRA and note that Knight has failed to file a Pretrial Narrative Statement, which should contain a statement of the relief that Knight is claiming in this civil action, including the amount of damages and the method of calculating those damages, as required by LR 16.1.4.A of the Local Rules of the United States District Court for the Western District of Pennsylvania. Accordingly, GAF Materials and Rinderle is unable to further address Knight's damage claim.

Defendants GAF Materials and Rinderle further contend that plaintiff Knight has failed to mitigate his damages and has failed to fully report the amount of his earnings subsequent the discontinuance of his assignment to the Erie, Pennsylvania facility.

III. <u>Witnesses</u>

Defendants GAF Materials and Rinderle may call some or all of the following witnesses during the trial of this case:

|   |   | <u>Liability</u> | <u>Damages</u> |
|---|---|---|---|
| 1. | David Knight<br>713 East 18th Street<br>Erie, PA 16503 | X | X |
| 2. | Mary F. Knight<br>Address Unknown | X | X |
| 3. | Joe Rinderle<br>GAF Materials Corporation<br>218 West Bayfront Parkway<br>Erie, PA 16504 | X | X |
| 4. | Robin Williams<br>GAF Materials Corporation<br>218 West Bayfront Parkway<br>Erie, PA 16504 | X | X |
| 5. | Glen Pauley<br>Complete Personnel Logistics<br>3740 Carnegie Avenue<br>Cleveland, OH 44115 | X | X |
| 6. | Carlo Melia<br>GAF Materials Corporation<br>218 West Bayfront Parkway<br>Erie, PA 16504 | X | X |

|  |  | Liability | Damages |
|---|---|:---:|:---:|
| 7. | Ben Clement<br>GAF Materials Corporation<br>218 West Bayfront Parkway<br>Erie, PA 16504 | X |  |
| 8. | Ken Joint<br>GAF Materials Corporation<br>218 West Bayfront Parkway<br>Erie, PA 16504 | X | X |
| 9. | Roger Ellis<br>GAF Materials Corporation<br>218 West Bayfront Parkway<br>Erie, PA 16504 | X |  |
| 10. | Charles Potter<br>GAF Materials Corporation<br>218 West Bayfront Parkway<br>Erie, PA 16504 | X |  |
| 11. | Tim Maizner<br>GAF Materials Corporation<br>218 West Bayfront Parkway<br>Erie, PA 16504 | X |  |
| 12. | Robert Wagner<br>GAF Materials Corporation<br>218 West Bayfront Parkway<br>Erie, PA 16504 | X |  |
| 13. | Mike Heberle<br>GAF Materials Corporation<br>218 West Bayfront Parkway<br>Erie, PA 16504 | X |  |
| 14. | Mike Watson<br>GAF Materials Corporation<br>218 West Bayfront Parkway<br>Erie, PA 16504 | X |  |

- 8 -

|     |                                                                                                  | Liability | Damages |
|-----|--------------------------------------------------------------------------------------------------|-----------|---------|
| 15. | Dennis Fornisash<br>GAF Materials Corporation<br>218 West Bayfront Parkway<br>Erie, PA 16504     | X         |         |
| 16. | Larry Howard<br>GAF Materials Corporation<br>218 West Bayfront Parkway<br>Erie, PA 16504         | X         |         |
| 17. | Fred Silvis<br>GAF Materials Corporation<br>218 West Bayfront Parkway<br>Erie, PA 16504          | X         |         |
| 18. | Robert Stempka<br>GAF Materials Corporation<br>218 West Bayfront Parkway<br>Erie, PA 16504       | X         |         |
| 19. | Greg Guarino<br>GAF Materials Corporation<br>218 West Bayfront Parkway<br>Erie, PA 16504         | X         |         |
| 20. | Brian Mullen<br>Current Address Unknown                                                          | X         |         |
| 21. | Larry Murphy<br>Current Address Unknown                                                          | X         |         |
| 22. | Leonard VanCise<br>Current Address Unknown                                                       | X         |         |
| 23. | Tom McBride<br>Dunlap Trucking<br>1556 West 12th Street<br>Erie, PA 16501                        | X         | X       |
| 24. | John Whitby<br>Current Address Unknown                                                           | X         |         |

In addition, defendants GAF Materials and Rinderle reserve the right to call any witnesses listed on Plaintiff's Pretrial Narrative Statement as well as any witnesses identified during the course of pretrial discovery.  Further, GAF Materials and Rinderle reserve the right to amend their list of witnesses based upon the failure of plaintiff Knight to file a Pretrial Narrative Statement, which should contain a narrative statement of the material facts that he will offer at trial as well as the relief that he seeks, including the amount of damages claimed and the method of calculating those damages, as required by LR 16.1.4.A of the Local Civil Rules of the United States District Court for the Western District of Pennsylvania.

IV.   Exhibits

Defendants GAF Materials and Rinderle may introduce some or all of the following exhibits or enlargements of same during the trial of this case:

1. Transportation Unlimited, Inc.  personnel file for David H. Knight;
2. Employment policies and procedures of Transportation Unlimited Inc.;
3. Employment and workplace policies and procedures of GAFMC;
4. Any and all PHRC filings;
5. Any and all EEOC filings;
6. Any and all ECHRC filings;
7. EEOC Dismissal and Notice of Rights;
8. Deposition Transcript of David H. Knight, including exhibits thereto;
9. GAFMC delivery and driver's records;

10. Any and all documents produced in discovery;

11. Criminal history records and pleadings for David H. Knight; and,

12. Payroll records.

In addition, defendants GAF Materials and Rinderle reserve the right to introduce any exhibits listed on the Plaintiff's Pretrial Narrative Statement, as well as any other exhibits identified during the course of pretrial discovery.  Furthermore, GAF Materials and Rinderle reserve the right to amend its list of exhibits based upon the failure of plaintiff Knight to file a Pretrial Narrative Statement, which should contain a narrative statement of the material facts that he will offer at trial as well as the relief that he seeks, including the amount of damages claimed and the method of calculating those damages, as required by LR 16.1.4.A of the Local Civil Rules of the United States District Court for the Western District of Pennsylvania.

V.     Discovery Depositions

Defendants GAF Materials and Rinderle may present portions of the discovery deposition of plaintiff David H. Knight at time of trial.

VI.    Unusual Legal Issues

1. Defendants' Motion for Summary Judgment is pending before this Honorable Court.  Defendant GAF Materials and Rinderle request this Court to enter summary judgment in its favor and against plaintiff Knight with respect to all claims.

2. Defendants GAF Materials and Rinderle request that plaintiff Knight be barred from any relief, including monetary damages, as a result of his failure to file a Pretrial Narrative Statement, which should contain a narrative statement of the material facts that he will offer at trial and a statement of the relief that he seeks, including the amount of damages claimed and method of calculation of those damages, as required by LR 16.1.4.A of the Local Rules of the United States District Court for the Western District of Pennsylvania.

3. Defendants GAF Materials and Rinderle request an opportunity to amend their Pretrial Narrative Statement if and when plaintiff Knight files a Pretrial Narrative Statement in accordance with the requirements of LR 16.1.4.A of the Local Civil Rules of the United States District Court for the Western District of Pennsylvania.

Respectfully submitted,

s/ Lisa Smith Presta
Lisa Smith Presta
PA ID No. 65527
Walter E. "Stormy" Deacon III
PA ID No. 82961
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7656
Fax: (814) 454-4647
lpresta@mijb.com
wdeacon@mijb.com

Attorneys for Defendants
 Building Materials Corporation of America, d/b/a
 GAF Materials Corporation and/or
 Building Materials Manufacturing Corporation and
 Joe Rinderle

901686

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendants' Pretrial Narrative Statement was served upon the following counsel for plaintiff David H. Knight, via First-Class United States Mail, the 12th day of August 2005:

>Timothy McNair, Esq.
>821 State Street
>Erie, PA 16501-1316

>s/ Lisa Smith Presta
>Lisa Smith Presta