IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID H. KNIGHT, | ) | CIVIL ACTION |
|     Plaintiff | ) | |
| | ) | NO. 03-410 ERIE |
|     v. | ) | |
| | ) | |
| BUILDING MATERIALS CORPORATION | ) | |
| OF AMERICA d/b/a GAF MATERIALS | ) | |
| CORPORATION and/or BUILDING | ) | |
| MATERIALS MANUFACTURING | ) | |
| CORPORATION and JOE RINDERLE, | ) | |
|     Defendants | ) | ELECTRONICALLY FILED |

**REPLY IN OPPOSITION TO PLAINTIFF'S MOTION
PURSUANT TO F.R.CIV.P. 56(f) FOR DISCOVERY
PENDING MOTION FOR SUMMARY JUDGMENT**

Defendants BUILDING MATERIALS CORPORATION OF AMERICA d/b/a GAF MATERIALS CORPORATION and/or BUILDING MATERIALS MANUFACTURING CORPORATION and JOE RINDERLE, by their attorneys, MacDonald, Illig, Jones & Britton LLP, file this Reply In Opposition to Plaintiff's Motion Pursuant to F.R.Civ.P. 56(f) for Discovery Pending Motion for Summary Judgment:

1.       On September 9, 2005, counsel for defendants Building Materials Corporation of America d/b/a GAF Materials Corporation and/or Building Materials Manufacturing Corporation (hereinafter "GAF Materials") and Joe Rinderle (hereinafter "Rinderle") received electronic

PDF created with pdfFactory trial version www.pdffactory.com

notice of the Motion Pursuant to F.R.Civ.P. 56(f) For Discovery Pending Motion For Summary Judgment filed sometime on September 8, 2005 on behalf of plaintiff David Knight.

2.    In his Motion, plaintiff Knight seeks additional time in which to conduct depositions, to request documents and to review documents in order to oppose Defendants' Motion for Summary Judgment, currently scheduled for argument before the Court on September 22, 2005.

3.    During the extended discovery period, Knight propounded and received responses to Interrogatories, Requests for Production of Documents, and Requests for Admissions.  No depositions were taken by Knight, and no requests for depositions were made.

4.    Knight now belatedly seeks the deposition of Joe Rinderle, *a named defendant to this action,* whom Knight did not bother to depose at any time during the extended discovery period.    Knight also seeks the deposition of a well-known witness and the production of "employment and attendance records" related to that witness.

5.    By Case Management Order dated February 16, 2005, discovery was set to close by June 3, 2005.  On May 10, 2005, plaintiff filed a Motion to Extend Discovery requesting 30 additional days due, per the Motion, to defendants' outstanding written discovery responses [served thereafter on May 20, 2005].    In the Motion, plaintiff Knight stated he anticipated deposing four employees of defendant GAF Materials.  The Court granted the Motion, and by Order dated May 11, 2005, discovery was set to close by July 5, 2005, plaintiff's Pretrial Narrative Statement was to be filed by July 25, 2005, any dispositive motion was to be filed by July 25, 2005, and any opposing brief was to be filed by August 13, 2005.

6.    Defendants GAF Materials and Rinderle properly conducted the discovery necessary to prepare their defenses to plaintiff's claims, including written discovery requests and

PDF created with pdfFactory trial version www.pdffactory.com

the deposition of plaintiff Knight. The fact that plaintiff Knight failed to do so and now regrets that decision is not a compelling reason for this Court to reopen discovery.

7.    This is particularly the case given the plaintiff's failure to adhere to any other deadlines in this matter. Plaintiff's Pretrial Narrative Statement was due on July 25, 2005 -- it was filed on August 18, 2005. Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment was due on August 13, 2005. On August 18, 2005, five days *after* the Brief was due, Knight filed a Motion for Enlargement of Time Within Which to File Response to Defendants' Motion for Summary Judgment. The Motion was granted by the Court, and plaintiff Knight was provided an additional two weeks from the original due date in which to file a response with supporting documentation.

8.    Joe Rinderle is certainly not a witness about whom Knight just recently learned -- Rinderle is a *named defendant* to the action.

9.    Similarly, Leonard Van Cise, another leased driver formerly assigned to the GAF Materials facility, was listed on plaintiff Knight's *own* Initial Disclosures as a witness with discoverable information, yet *no* request was made for any "employment and attendance records" to verify or support Knight's bald assertions regarding Van Cise's conduct and more favorable treatment.

10.    Further, Van Cise -- who is no longer assigned to GAF Materials and is not under the control of GAF Materials in any fashion -- was equally available to be contacted or subpoenaed by Knight, who, again, failed to do so.

11.    Accordingly, there is no basis to reopen discovery, and plaintiff Knight's Motion should be denied.

PDF created with pdfFactory trial version www.pdffactory.com

Wherefore, defendants Building Materials Corporation of America d/b/a GAF Materials Corporation and/or Building Materials Manufacturing Corporation and Joe Rinderle request this Honorable Court to deny the Motion Pursuant to F.R.Civ.P. 56(f) for Discovery Pending Motion for Summary Judgment filed by plaintiff David Knight.

Respectfully submitted,

/s/ Lisa Smith Presta
Lisa Smith Presta
Pennsylvania Bar ID No. 65527
Walter E. "Stormy" Deacon III
Pennsylvania Bar ID No. 82961
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7600
Fax: (814) 454-4647
lpresta@mijb.com
wdeacon@mijb.com

Attorneys for Defendants
  Building Materials Corporation of America d/b/a
  GAF Materials Corporation and/or Building
  Materials Manufacturing Corporation and
  Joe Rinderle

908885

PDF created with pdfFactory trial version www.pdffactory.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Reply In Opposition to Plaintiff's Motion Pursuant to F.R.Civ.P. 56(f) for Discovery Pending Motion for Summary Judgment was served upon the following counsel for plaintiff David H. Knight, via First-Class United States Mail, this 9th day of September 2005:

> Timothy McNair, Esq.
> 821 State Street
> Erie, PA 16501-1316

> s/ Lisa Smith Presta
> Lisa Smith Presta